ERIKA L. SHAO (SBN: 265917)
eshao@grsm.com
KAITLYN CHANG (SBN: 253289)
kchang@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 576-5034
Facsimile: (213) 680-4470

Attorneys for Plaintiff
VCA INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VCA INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NICOLE WYATT, an individual, and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR**<br>**1. BREACH OF CONTRACT;**<br>**2. UNJUST ENRICHMENT; AND**<br>**3. INTENTIONAL MISREPRESENTATION** |

COMES NOW Plaintiff, VCA INC. ("VCA"), and its Complaint and cause of actions against Defendant NICOLE WYATT ("Defendant"), and alleges as follows:

## THE PARTIES

1. At all relevant times, VCA was and is a Delaware corporation and is authorized to conduct business in California.

2. Defendant is an individual and on information and belief is domiciled in Illinois.

3. VCA alleges that there may be additional entities or individuals that may be responsible in some manner for the occurrences and injuries alleged in this Complaint. Their names and capacities are currently unknown to VCA at this time. VCA will amend this Complaint to add such additional parties when the

same have been ascertained. VCA is informed, believes and thereon alleges that each additional entity or individual is liable for the acts and/or omissions as set forth below, and that VCA's rights against such additional entity or individual arises from such acts and/or omissions.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

5. The Court has personal jurisdiction over Defendant because, *inter alia*, Defendant regularly conducts and transacts business in California, purposefully avails herself of the laws of California, and otherwise has minimum contacts with the State of California, including the conduct complained of herein. As further alleged below, VCA and Defendant entered into a contract ("Veterinary Specialist Residency Sponsorship Agreement") in which they agreed that "This Agreement has been made and entered into in the state of California and shall be construed in accordance with the laws of the State of California…"

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred within this district.

## CAUSE OF ACTION 1– BREACH OF CONTRACT
### (Against Wyatt and Does 1-10)

7. VCA incorporates herein by reference the allegations of paragraphs 1 through 6 of this Complaint.

8. On or about June 25, 2015, VCA entered into a contract with Defendant, entitled "Veterinary Specialist Residency Sponsorship Agreement". A true and correct copy is attached as **Exhibit "1"** and incorporated by reference herein. Defendant voluntarily enrolled in a three-year, employer-sponsored residency training program, commencing July 2015. In exchange for the

sponsorship benefits, which included, among others, payments by VCA of a monthly stipend, tuition costs, administrative costs, fringe benefits and miscellaneous University costs for the benefit of Defendant, Defendant agreed upon completion of the residency program to commence employment with VCA on an at-will basis to provide professional veterinary services for a duration of five years. Defendant agreed in writing that if she quit her at-will employment with VCA within 60 months of completing the program, she would reimburse her employer, VCA, a prorated portion of program costs within 30 days. Additionally, Defendant agreed that she would be charged interest at a rate of 5% per annum from the date which VCA first provided such funds.

9. Defendant began her at-will employment with VCA in August 2018.

10. On July 22, 2021, approximately 36 months after completing the residency program, Defendant quit.

11. On January 10, 2022, VCA issued a formal demand for reimbursement.

12. Defendant has failed and refused to reimburse VCA, which constitutes a material breach of the contract.

13. As a direct and proximate result of Defendant's breach, VCA has suffered damages in the amount of $91,401.59, as of December 2022.

14. At all times relevant herein, Defendant performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement.

### CAUSE OF ACTION 2– UNJUST ENRICHMENT
**(Against Wyatt and Does 1-10)**

15. VCA incorporates herein by reference the allegations of paragraphs 1 through 14 of this Complaint.

16. Defendant benefitted from the residency training program without incurring the costs to attend.

17. VCA has been harmed by Defendant's failure to pay the amount owed pursuant to the contact.

18. Equity and good conscience requires restitution of the cost of the residency program.

## CAUSE OF ACTION 3– INTENTIONAL MISREPRESENTATION
### (Against Wyatt and Does 1-10)

19. VCA incorporates herein by reference the allegations of paragraphs 1 through 18 of this Complaint.

20. Defendant willfully, falsely, and knowingly misrepresented that she intended to reimburse VCA, pro rata, after she completed the residency training program or complete the 60 months employment term of the contract. Indeed, Defendant falsely claims the reimbursement provision of the employer-sponsored training program was unenforceable all along.

21. VCA did not discover the facts constituting the misrepresentations, including their falsity, until around March 10, 2022, when it received a letter from Defendant's attorney stating, "There are serious doubts as to the enforceability of the Residency Sponsorship Agreement that VCA insisted that Dr. Wyatt sign." A true and correct copy of the letter is attached as **Exhibit "2"** and incorporated herein.

22. Had VCA known that Defendant had no intent to reimburse VCA or complete the 60 months employment term, it would not have paid for Defendant's residency training program. Defendant's misrepresentations were made with the intent that VCA would rely on them. Defendant's misrepresentations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

23. In actual and reasonable reliance upon the misrepresentations, VCA paid for Defendant's residency training. Such reliance was a substantial factor in causing VCA's harm.

24. As a direct, proximate result, VCA has been damaged in amounts to be proven at trial.

25. Defendant's actions were done intentionally and with the requisite malice, fraud or oppression sufficient to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, VCA prays judgment against Defendant as follows:

1. For compensatory damages in the sum of $91,401.59, as of December 2022;

2. For additional compensatory damages incurred after December 2022 to be determined at the time of trial;

3. For punitive damages;

4. For restitution of the cost of the residency program for Defendant;

5. For pre and post judgment interest at the prevailing legal rate;

6. For costs of suit herein incurred; and

7. For such other and further relief as the court may deem proper.

Respectfully submitted,

Dated: March 30, 2023   GORDON REES SCULLY MANSUKHANI, LLP

By: /s/Kaitlyn Chang
Erika L. Shao
Kaitlyn Chang
Attorneys for Plaintiff
VCA INC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1265535/65971614v.1